IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. H-93-211-2 |
| § | |
| ROBERTO LOPEZ, § | |
| § | |
| Defendant-Movant. § | |

**(Civil Action Number H-05-0329)**

## MEMORANDUM AND ORDER

Federal inmate Roberto Lopez, proceeding *in forma pauperis*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket Entry No. 390). The threshold issue is whether the motion is barred by the statute of limitations.

**I.    Background**

Roberto Lopez and codefendants were indicted for conspiracy to possess in excess of five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. (Count One). Lopez was also charged with aiding and abetting the knowing possession in excess of five kilograms of cocaine, with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. (Count Two). (Docket Entry No. 1). After a jury trial, Lopez and other defendants were convicted on all counts. On February 10, 1994, Lopez was sentenced to serve concurrent terms of 235 months, to be followed by

five years of supervised release. Judgment was entered on February 16, 1994. (Docket Entry No. 221). On August 23, 1995, the Fifth Circuit affirmed the sentence and conviction. (Docket Entry No. 314). On January 8, 1996, the United States Supreme Court denied the petition for writ of *certiorari*. 516 U.S. 1064 (1996).

On January 31, 2005, this court received Lopez's section 2255 motion. Lopez signed the motion on January 23, 2005. In his certificate of service, he states that he delivered the motion to prison authorities for mailing on the same date. (Docket Entry No. 390, Section 2255 Motion, p. 18). A motion by a *pro se* prisoner is deemed filed when it is given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). This court deems the motion filed as of January 23, 2005. Lopez is seeking to vacate his sentence based on ineffective assistance of trial counsel, among other grounds. (Docket Entry No. 390, Section 2255 Motion, p. 4). The government has moved to dismiss Lopez's motion as time-barred. (Docket Entry No. 394). Lopez responded to the motion to dismiss on March 17, 2005. (Docket Entry No. 395).

**II.   Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255.

Paragraph 6 of § 2255 provides that the one-year limitation period will run from the latest of the following:

>    (1)   the date on which the judgment of conviction becomes final;
>
>    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
>    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6(1)-(4).

Lopez has alleged no impediment created by government action under subparagraph (2) that prevented him from filing this section 2255 motion. *See* ¶ 6(2). Nor do Lopez's claims arise from a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* ¶ 6(3). The facts Lopez alleges arose at sentencing, before Lopez's judgment of conviction became final. *See* ¶ 6(4). The one-year statute of limitations runs from the date Lopez's conviction became final. *See* ¶ 6(1).

The United States Supreme Court denied Lopez's petition for writ of certiorari on January 8, 1996. Because Lopez's conviction became final before the effective date of the AEDPA, his one-year limitation period began to run on April 24, 1996, the effective date of

the act, and continued through April 24, 1997. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999). Lopez did not file this motion until long after the statute had expired.

The Fifth Circuit has recognized that the one-year period of limitations section can be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (citation and internal quotation marks omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Lopez argues that he is entitled to equitable tolling because he previously filed a motion under 28 U.S.C. § 2255 and previous court orders will show that the clerk of court lost his motion. (Docket Entry No. 390, section 2255 Motion, p. 8; Docket Entry No. 395, Movant's Response, p. 2). Lopez claims that he filed a motion for status of the proceedings when he did not receive a response to his section 2255 motion. After the court advised Lopez that no motion had been filed, he filed certified mail receipts and certificates of service to establish that he had previously filed a section 2255 motion. (Docket Entry No. 390, section 2255 Motion, p. 8). Lopez maintains that this court conceded that a previous section

2255 motion had been filed, but the clerk had lost it. (*Id.*). Lopez also asserts that this court directed him to file a second section 2255 motion, which he did on January 23, 2005.

The record contains no indication that Lopez filed a previous section 2255 motion; that Lopez filed a motion for the status of proceedings; that this court acknowledged receipt of an earlier section 2255 motion; that this court acknowledged that the clerk of court lost the previous section 2255 motion; or that this court ordered Lopez to file a second section 2255 motion. Aside from broad references to the record, Lopez does not direct the court to specific docket entries or dates on which the alleged events took place.

The record shows that on March 5, 1997, Lopez filed a petition for extension of time. (Docket Entry No. 325). On March 31, 1997, this court issued a Memorandum and Opinion stating that the statutory deadline would depend on the nature of the claims Lopez intended to bring. The court explained that on the record then available, no determination as to whether Lopez timely filed his claims could be made. This court stated:

> The application for an extension is premature. No extension is granted at this time, but this order does not prejudice petitioner's right to apply for an extension and/or to argue for the tolling of any applicable statute of limitations, at such time when he files a section 2255 motion. However, Lopez is on notice that by not timely filing a 2255 motion, he runs the risk that the court will ultimately dismiss the motion as untimely, based on a more thorough development of his position and the government's opposition thereto.

(Docket Entry No. 326, p. 2).

Lopez argues that his first section 2255 motion was timely and he is entitled to equitable tolling because this court lost it. In an unpublished opinion, *United States v. McFarland*, 125 Fed. Appx. 573 (5th Cir. 2005), the Fifth Circuit considered a similar argument. McFarland, a federal prisoner, sent a letter to the district court stating that his 28 U.S.C. § 2255 motion, which he placed in the prison mail system, had been lost. He asked how the loss of the motion would affect the limitations period for filing such a motion. The letter was not accompanied by a 28 U.S.C. § 2255 motion. The district court construed the letter as a motion for extension of time to file a 28 U.S.C. § 2255 petition and denied it. The Fifth Circuit affirmed and denied a certificate of appealability. McFarland argued that under *Spotville v. Cain,* 149 F.3d 374, 375-76 (5th Cir. 1998), his motion was "filed" when he placed it in the prison mail system and that the district court had the discretion to allow him to remail copies of his timely-filed motion. The Fifth Circuit noted that no 28 U.S.C. § 2255 petition had been received by, or filed in, the district court. The Fifth Circuit explained that the question of when McFarland's 28 U.S.C. § 2255 petition should be deemed filed could not be answered until such a motion was actually received and filed in the district court.

Similarly, this court cannot consider the timeliness of Lopez's earlier motion because that motion was never received or actually filed. Lopez's conclusory allegations that his first

section 2255 motion was lost do not amount to extraordinary circumstances warranting equitable tolling. Lopez did not file the section 2255 motion until January 23, 2005, nearly eight years after this court addressed Lopez's limitations concerns. Lopez's section 2255 motion is untimely.

### III.   Conclusion

The government's motion to dismiss Lopez's motion under 28 U.S.C. § 2255 as time-barred, (Docket Entry No. 394), is granted. Roberto Lopez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, (Docket Entry No. 390), is denied.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd*

*v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484).  Lopez has not made the showing necessary for issuance of a COA.

SIGNED on October 12, 2005, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge